IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DARREN PRICE, #36199, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO.: 1:06-CV-1080-WKW |
| | ) |
| COMMANDER WILLIAM McCARTY, | ) |
| NURSE PRACTITIONER DARLA SPEIGNER, | ) |
| and CORRECTIONS OFFICER | ) |
| TRACEY WALKER, | ) |
| | ) |
| Defendants. | ) |

## SUPPLEMENT TO SPECIAL REPORT AND ANSWER

Comes now Defendants, in the above-styled cause, pursuant to Defendants' Motion for Leave to File Supplemental Affidavit to Special Report and Answer and this Court's Order granting same and supplements and amends their Special Report and Answer as previously filed to include the supplemental affidavit of **Dr. Sam R. Banner.** Said affidavit is attached hereto as **Exhibit "A"** and is incorporated herein by reference as if fully set forth.

Respectfully submitted,

SHERRER, JONES & TERRY, P.C.

s/Gary C. Sherrer
GARY C. SHERRER, ATTORNEY FOR
THE ABOVE-REFERENCED DEFENDANTS
Alabama Attorney Code No. SHE-016

OF COUNSEL:

SHERRER, JONES & TERRY, P.C.
335 West Main Street
Dothan, Alabama 36301
(334) 678-0100

## CERTIFICATE OF SERVICE

I, Gary C. Sherrer, hereby certify that I have served a copy of the foregoing Special Report and Answer upon Darren Price, #36199, c/o Houston County Jail, 901 East Main Street, Dothan, Alabama 36301, by placing a copy of the same in the U.S. Mail, postage prepaid and properly addressed on this 6th day of February, 2007.

s/Gary C. Sherrer
OF COUNSEL

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DARREN PRICE, #36199, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO.: 1:06-CV-1080-WKW |
| | ) |
| COMMANDER WILLIAM McCARTY, | ) |
| NURSE PRACTITIONER DARLA SPEIGNER, | ) |
| and CORRECTIONS OFFICER | ) |
| TRACEY WALKER, | ) |
| | ) |
| Defendants. | ) |

## AFFIDAVIT

STATE OF ALABAMA,

HOUSTON COUNTY.

Before me, the undersigned authority for administering oaths, personally appeared **Dr. Sam R. Banner**, who is and at all times complained of by plaintiff in his Complaint, is a practicing physician/doctor, who along with the medical staff of the jail, provided and continues to provide medical services to the inmates in the jail, who being by me first duly sworn, deposes and says as follows:

I am Sam R. Banner and I am a practicing physician/doctor who, at all times relevant to the facts allegedly giving rise to plaintiff's complaint, provided and continue to provide medical services to inmates in the jail, in the medical clinic in the Houston County Jail.

DR. SAM R. BANNER - AFFIDAVIT                                                                                                       PAGE 1

EXHIBIT
A

Unless otherwise indicated expressly or by the context herein, I have personal knowledge of the facts and information contained herein. I make this affidavit after review of the subject matter and a review of the Plaintiff's Houston County Jail inmate medical file, which includes records from Southeast Alabama Medical Center related to an infection of the nail bed in thumb nail on his right thumb made the basis of the allegations of Plaintiff in this case.

In addition to funding four full time nurse positions (one of which is a Certified Registered Nurse Practitioner), myself as the doctor contracted as the staff doctor and a registered supervising pharmacist for the provision of medical care to inmates such as the plaintiff, the County Jail provides a general medical clinic for medical problems that may arise in the jail. The medical clinic is held daily, Monday through Friday. The clinic is staffed by myself and/or the Certified Registered Nurses Practitioner under the supervision of myself. The nurses are in the Pods each day passing out inmate medications as well. Thus, inmates are given daily access to nursing services, hospital emergency room services, if necessary, and the general medical clinic. In addition, the nurses who work at the jail carry southern linc radio telephones and alternate being "on call" so there is generally a nurse available "on call" to the jail on a 24 hour a day, seven days a week, basis.

It is the policy of the Houston County Jail that all requests for medical treatment are forwarded to one of the nurses on duty with the expectation that appropriate and necessary medical treatment will be provided to or obtained for the inmate.

According to his medical file, the plaintiff was admitted to the jail on October 6, 2006. On that date, the plaintiff was screened by jail staff. According to the jail's intake form at the time the plaintiff was incarcerated in the jail, he complained of a history of having a hernia. On October 7, 2006, plaintiff executed a medical release authorization for the Jail medical staff to obtain Plaintiff's

medical records in their effort to provide necessary medical care for the plaintiff. The plaintiff was seen by medical staff in the jail medical clinic numerous times as show by his jail medical file.

On October 10, 2006 a medical records request was sent to the Southeast Alabama Medical Center.

Plaintiff's medical jail records reflect that the plaintiff was evaluated medically on April 27, 2005 and relates that he has no personal doctor but had been seen in the Emergency Room of the Southeast Alabama Medical Center eight (8) weeks before. That intake form reflects that the nurse had explained to the plaintiff and the plaintiff indicated his understanding of how to obtain medical treatment while in the Houston County Jail.

Plaintiff's medical records reflect that he plaintiff was again medically evaluated on June 10, 2005 relative to another period of incarceration in the jail. At that time the plaintiff related that he had a hernia. Once again it was explained to plaintiff how to obtain medical treatment while in the jail.

According to jail medical records, the plaintiff was again evaluated by medical personnel on October 10, 2006 at which time the plaintiff related a history of having a hernia in the groin area.

With regard to the plaintiff's current incarceration, the plaintiff, after his initial screening, was seen and evaluated by the medical staff of the Houston County Jail's Medical Clinic. At that time the plaintiff related that on October 3, 2006 he had been hospitalized for a hernia in his groin area. In the nursing assessment record the nurse noted that the plaintiff as in no acute distress at the time of his medical evaluation. The nurse also noted that "plaintiff claims to have left pubic hernia" and that a surgical consult was scheduled for October 24, 2006. The nurse also noted that the "plaintiff knows how to access medical if needed."

On May 3, 2005 the plaintiff was seen in the jail medical clinic for complaint of possible hernia. Upon examination a pubic hernia was found. At that time the plaintiff was instructed how to apply pressure to the hernia area when necessary and to notify the jail medical staff if the hernia drops to his testicles. Plaintiff was scheduled to see the Certified Registered Nurse Practitioner for further evaluation, but the plaintiff refused said evaluation and treatment of the Certified Registered Nurse Practitioner on May 10, 2005.

On November 7, 2006 the plaintiff was seen and evaluated in the jail medical clinic for complaint of toothache.

On November 21, 2006, jail medical records reflect that the plaintiff was seen in the jail medical clinic for an infected thumb nail on his right thumb. Plaintiff said he caught his thumb in the cell door. Plaintiff also stated that he though his thumb would be okay until it started swelling. Plaintiff was referred to see me in the jail medical clinic for further evaluation.

On November 21, 2006 the plaintiff was taken from the jail to the Emergency Room of the Southeast Alabama Medical Center to have the nail bed of his right thumb opened and drained. Plaintiff received treatment at the hospital as reflected in his jail medical records.

The plaintiff was seen by the nurse every day when he received his medications with no real medical problem observed or noted. The plaintiff at all times received appropriate medical treatment related to his infected thumb nail bed. The most common causes of the plaintiff's thumb nail infection are an ingrown thumb nail or the ripping out of a hang nail.

The jail medical staff is committed to providing needed medical treatment to every inmate even when the inmate is manipulative, abusive or does not cooperate in his treatment. The jail medical staff makes medical decisions based on medical needs, not the desires of the inmate.

Based on my treatment to the plaintiff and my review of the plaintiff's jail medical file, the plaintiff was, during the period of time made the basis of Plaintiff's complaint, provided all necessary medical testing, treatment and care while in the Houston County Jail. At all times alleged in Plaintiff's Complaint, he has been given and provided adequate and necessary medical treatment and has at all times relevant thereto been provided with all medically necessary medications. While in the jail, the plaintiff has been seen almost every day by one or more of the nurses in the jail or by one of the other members of the jail medical staff.

For more detail relative to the medical treatment rendered to the plaintiff, please refer to the copy of his jail medical file which is attached to the affidavit of Gail Neiswanger as **Exhibit "1"**.

_____
DR. SAM R. BANNER

STATE OF ALABAMA,

HOUSTON COUNTY.

Before me the undersigned authority, personally appeared **Dr. Sam R. Banner**, who being sworn by me according to law, deposes and states that the matters and things alleged in the above Affidavit are true and correct to the best of his information, knowledge and belief.

Sworn to and subscribed before me on this the 6th day of February, 2007.

_____
NOTARY PUBLIC
My Commission Expires: 12-9-08